IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| THERESA NEASBITT, | ) | |
| | ) | |
| Plaintiff | ) | Civil No. 07-804-KI |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

RICHARD F. McGINTY
P.O. Box 12806
Salem, Oregon 97301

     Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

RICHARD M. RODRIGUEZ
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

      Attorneys for Defendant

KING, District Judge:

      Plaintiff Theresa Neasbitt ("Neasbitt") seeks judicial review of the Social Security Commissioner's final decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's final decision is affirmed.

## BACKGROUND

      Born in 1960, Neasbitt has a high school education. Tr. 107, 148.[1] Neasbitt reports no work history amounting to substantial gainful activity. Tr. 143. Neasbitt applied for SSI on May 29, 2003,[2] alleging disability since April 1, 1995, due to spine and back impairments. Tr. 107, 110.

      The Commissioner denied Neasbitt's application initially and upon reconsideration. Tr. 50-54, 60-62. An Administrative Law Judge ("ALJ") held a hearing on March 10, 2006. Tr. 418-53. On May 13, 2006, the ALJ issued an unfavorable decision. Tr. 19-27. The Appeals Council accepted additional evidence into the record but denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 6-9.

_____

      [1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on September 18, 2007 (Docket #9).

      [2]Neasbitt filed a previous SSI application resulting in a hearing before an ALJ and subsequent denial of benefits in 2002. Tr. 41-47.

2 - OPINION AND ORDER

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 416.920, *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement. 20 C.F.R. § 416.909, 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. § 416.920(e), Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. § 404.920(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. If the ALJ finds that the claimant's RFC precludes performance of her past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9ᵗʰ Cir. 1999); 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(f). If the claimant cannot perform such work, she is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 416.920(g), 416.966.

## THE ALJ'S FINDINGS

The ALJ found Neasbitt's following impairments "severe" in combination: chronic pain syndrome, degenerative disc disease, gastroesphageal reflux disease, major depressive disorder, dysthymia, anxiety disorder, somatform disorder, personality disorder, and cannabis disorder. Tr. 21. The ALJ found that these impairments did not meet or equal a listing at step and assessed Neasbitt's RFC:

> [T]he claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. She requires a sit/stand option. She should not use ropes, ladders or scaffolds. She should avoid hazards such as active machinery. She should only occasionally balance, stoop, crouch, or crawl. She should perform no complex work.

Tr. 23. The ALJ concluded that this RFC allowed Neasbitt to perform work in the national economy, and therefore found Neasbitt not disabled. Tr. 26-27.

///

4 - OPINION AND ORDER

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*, *see also Batson*, 359 F.3d at 1193.

## ANALYSIS

Neasbitt challenges the ALJ's review of the medical evidence, her testimony, and the ALJ's subsequent RFC assessment and finding that she was not disabled.

## I.     Medical Source Statements

### A.     Fibromyalgia Impairment

Neasbitt first contends that the ALJ did not properly evaluate her fibromyalgia impairment. Pl.'s Opening Br. 5-8. Specifically, Neasbitt contends that the ALJ's fibromyalgia analysis contains legal error.

Contrary to Neasbitt's assertion, the Ninth Circuit has only acknowledged that fibromyalgia syndrome may support a finding of disability. *Benecke v. Barnhart*, 379 F.3d 587, 589-91 (9th Cir.

2004).  The Ninth Circuit has not directed circumstances compelling an ALJ to find a claimant with

fibromyalgia disabled or offered specific guidelines for assessing a claimant with fibromyalgia.  *Id.*

at 593-95.  Instead, the Ninth Circuit directs that an ALJ must apply the usual standards in assessing

physician opinions and claimant testimony regarding when a claimant asserts disability due to

fibromyalgia.  *Id.*

> The ALJ presently discussed Neasbitt's fibromyalgia allegation:

>> The record has also included a diagnosis of fibromyalgia.  While
>> Jonathan B. James, M.D., reported a diagnosis of fibromyalgia in
>> November 2004, the record reveals that he examined the claimant on
>> only two occasions and there is no indication that he performed the
>> tender point or control point testing necessary to substantiate such a
>> diagnosis.

Tr. 22 (internal citations omitted).

> The ALJ may reject a physician opinion that is "brief, conclusory, and inadequately supported

by clinical findings."  *Bayliss v. Banhart*, 427 F.3d, 1211, 1216 (9th Cir. 2005).  The record shows

that Dr. James treated Neasbitt twice in 2004.  Tr. 352-63.  Dr. James' clinical notes show a "co-

morbid conditions/problem list" that cites fibromyalgia on November 29, 2004, and December 12,

2004.  Tr. 353, 355.  Dr. James noted that Neasbitt "hurts from temples to knees" and that she was

tender at her upper sacroiliac joint.  Tr. 354, 356.  Neither notation provides further clinical notes

supporting or explaining his fibromyalgia diagnosis.  *Id.*  The ALJ's finding that Dr. James did not

adequately support his fibromyalgia finding is based upon the record.

> The ALJ subsequently found that treating physician Dr. Stadtlander "reported a diagnosis of

fibromyalgia . . . it appears he reported that diagnosis based on the subjective report of the claimant."

*Id.*  The ALJ may reject a physician's opinion predicated upon reports of a claimant found not

credible. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Dr. Stadlanter's January 2006 assessment of Neasbitt cited fibromyalgia, but made no indication of clinical examinations or findings. Tr. 413. Dr. Standlanter's report indicated only that he reviewed Neasbitt's reported diagnoses following an eighteen-month absence from Dr. Standlanter's care. *Id.* The ALJ's assessment that Dr. Standlanter's opinion is unsupported by clinical findings and based upon Neasbitt's report is a reasonable inference based upon the correct legal standards. This court must affirm such inferences. *Batson*, 359 F.3d at 1193.

For these reasons the court affirms the ALJ's analysis of Drs. James and Standlanter. Neasbitt fails to show that the ALJ erroneously assessed her fibromyalgia complaint.

### B.    Somatoform Disorder Impairment

Neasbitt also contends that the ALJ erroneously evaluated her somataform disorder. Pl.'s Opening Br. 9. The ALJ found Neasbitt's somatoform disorder severe at step two in the sequential proceedings. Tr. 21, citing tr. 42. This finding appropriately incorporates the ALJ's findings contained in his 2002 decision. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988).

Neasbitt now cites the diagnostic criteria for "somatization disorder." Pl.'s Opening Br. 9 (citing American Psychiatric Association, *Diagnostic and Statistical Manual* ("*DSM*") 486 (4th ed. Text Revision 2000)). However, "somatoform disorder" is distinct from "somatization disorder." *DSM* 491. Regardless, both disorders require symptoms which "cause clinically significant distress or impairment in social, occupational, or other important areas of functioning." *DSM* 486, 492.

This definition does not *require* occupational interruption; it states that occupational distress or impairment is one of several alternative criterion. Neasbitt's assertion that the ALJ's finding that

her somatoform disorder is severe based upon the DSM language fails.

Neasbitt subsequently asserts that the ALJ erred by failing to identify "which basic work activity or activities" are effected by Neasbitt's somatoform disorder. Pl.'s Opening Br. 9. In support of this assertion Neasbitt cites the Commissioner's definition of a severe impairment. *Id.*

The ALJ's RFC assessment explicitly states the claimant's work-related limitations stemming from her severe impairments. 20 C.F.R. § 416.945(a)(1),(2). The ALJ's present RFC assessment, quoted above, addresses Neasbitt's work-related limitations relating to all of her impairments, including her somatoform disorder. Tr. 23. Neasbitt's submission that the ALJ failed to consider work-related limitations associated with her somatoform disorder is without merit and therefore fails.

## II.    Credibility

Neasbitt also asserts that the ALJ made an erroneous credibility finding because the ALJ erroneously found that her alleged fibromyalgia was not a severe impairment. Pl.'s Opening Br. 8. The ALJ construes his credibility finding *after* assessing whether an impairment is severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(3).   Step two assessments are based upon medical evidence only and do not address credibility. 20 C.F.R. § 416.920(a)(ii). Furthermore, an ALJ need not assess a claimant's credibility if the claimant fails to establish the existence of an impairment. *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996) (citing *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986)). For these reasons Neasbitt's assertion that her alleged fibromyalgia establishes error in ALJ's credibility decision fails.

Neasbitt also contends that the ALJ erroneously cited her somatoform disorder in finding her not credible. Pl.'s Opening Br. 9-10.   The ALJ found Neasbitt not credible based upon her

contradictory testimony. Tr. 24-25. The ALJ specifically cited Neasbitt's statements regarding her alleged knee and gallbladder impairments, receipt of "permanent" disability benefits in the state of Hawaii, and her report that physicians recommended she move from Hawaii to the mainland. Tr. 25. The ALJ found these statements unsupported by the record. *Id.* Finally, the ALJ noted that Neasbitt failed to follow recommended treatment for her pain medication addiction and that Neasbitt made contradictory statements about her activity as a landowner and mother. *Id.*

The ALJ may cite a claimant's contradictory testimony and failure to follow treatment in finding a claimant not credible. *Smolen*, 80 F.3d at 1284. The record reflects the ALJ's findings. For these reasons the ALJ's credibility analysis is affirmed.

## III.   Residual Functional Capacity

Neasbitt contends that the ALJ's RFC assessment failed to reflect her combined impairments. Pl.'s Opening Br. 10. Neasbitt specifically asserts that the ALJ's RFC does not encompass a reviewing physician's suggestion that she "at times will lose attention and concentration for sort periods." *Id.* (citing tr. 334).

The ALJ's RFC precluded Neasbitt from performing complex tasks. Tr. 23, 25. This court finds such limitation sufficiently compatible with the reviewing physician's notation that Neasbitt may have concentration difficulties. Neasbitt's assertion that the ALJ erroneously excluded the reviewing physician's opinion fails.

## IV.   The ALJ's Step Five Finding

Neasbitt finally asserts that the ALJ's reliance upon the vocational expert's hearing testimony at step five is "based on evidence beyond the record." Pl.'s Opening Br. 11. The ALJ may solicit

testimony from a vocational expert to determine if a claimant may perform work in the national economy at step five in the sequential proceedings. *Tackett*, 180 F.3d at 1101.

The ALJ proposed a hypothetical RFC assessment to the vocational expert at Neasbitt's March 2006 hearing. Tr. 451. The ALJ subsequently asked the vocational expert to confirm information stated by the vocational expert at Neasbitt's previous hearing: "The vocational expert at [the previous hearing] said that the jobs of mail room clerk at 20 - - 229,000 nationally and stationary cashier at 299,000 would fit this hypothetical. Is that - - do you agree or disagree with that?" *Id.* The VE replied, "Yes that's - - I think those [numbers] are very close. Let me check one other place. Yes, that would be within the range of, of figures that I've heard before for those two positions." *Id.* The VE affirmed that these jobs and two others were consistent with the hypothetical the ALJ stated at the present hearing. Tr. 451-52.

The ALJ cited this testimony in his findings. Tr. 26. Neasbitt now asserts that the ALJ's citation goes beyond the evidence of record. Pl.'s Opening Br. 11. This assertion is without merit. The vocational expert responded affirmatively that an individual with the RFC the ALJ presently described may perform the indicated positions. The vocational expert may draw upon his or her expertise in making such assessments, *Bayliss*, 427 F.3d at 1218, and the record shows that the vocational expert clearly stated that the indicated jobs are appropriate for an individual with Neasbitt's present RFC. The ALJ's reliance upon the vocational expert's testimony is based upon substantial evidence in the record before this court and this finding is affirmed.

## CONCLUSION

The Commissioner's decision that Neasbitt did not suffer from disability and is not entitled

to benefits under Title XVI of the Social Security Act is based upon correct legal standards and supported by substantial evidence.  The Commissioner's decision is AFFIRMED and the case is dismissed.

IT IS SO ORDERED.

Dated this ____9th____ day of June, 2008.

    /s/ Garr M. King_____
Garr M. King
United States District Judge

11 - OPINION AND ORDER